**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MADELINE SANTIAGO<br>                Plaintiff,<br>     v.<br><br>WALMART; WALMART, INC.<br>and<br>JOHN DOE #1-10<br>                Defendants. | CIVIL ACTION<br><br><br>NO. 2:26-cv-3596<br><br><br>JURY TRIAL DEMANDED |

## <u>DEFENDANTS' NOTICE OF REMOVAL</u>

Defendants Walmart and Walmart, Inc. (hereinafter collectively "Walmart"), hereby file this Notice of Removal pursuant to 28 U.S.C. § 1441(a) and (b) and § 1446(b) and (c) to remove this action from the Philadelphia County Court of Common Pleas, Docket No. 03545, where it is currently pending, to the United States District Court for the Eastern District of Pennsylvania, and avers in support thereof as follows:

1.      Plaintiffs initiated this action in the Philadelphia County Court of Common Pleas by filing a Complaint on March 24, 2026, Docket No. 03545. *See* a copy of Plaintiffs' Complaint attached hereto as Exhibit "A."

2.      Walmart was served with the Complaint on March 31, 2026.

3.      Following Walmart's Preliminary Objections, Plaintiff filed an Amended Complaint on April 23, 2026. *See* a copy of Plaintiffs' Amended Complaint attached hereto as Exhibit "B."

4.      Walmart filed an Answer to Plaintiff's Amended Complaint with New Matter with on May 13, 2026. *See* a copy of Defendant's Answer attached hereto as Exhibit "C."

1

5. This is a premises liability matter where Plaintiffs alleged that on April 30, 2024, Plaintiff Madeline Santiago (hereinafter "Plaintiff") sustained injuries after she slipped and fell on a slippery substance on the meat section floor of the Walmart store located at 2200 Wheatsheaf Lane, Philadelphia, PA 19137. *See* Exhibit "A" at ¶¶ 2, 8, 9.

6. The Plaintiff alleged the following injuries: "disc herniations at C3-4 and C4-5, disc protrusion at C2-3, C5-6 and C6-7, disc herniation at L5-S1, disc protrusion at L3-4 and L4-5, disc bulging at L2-3, partial tear of the left ACL, partial tear of left medial meniscus, radiculopathy at C4-5 and C5-6," "great pain, anguish, sickness and agony," and undisclosed "emotional injuries." *Id.* at ¶¶ 12, 13, 14, 19, 20, 21, 26, 27, 28.

7. There were no allegations of surgical intervention or any other specific treatment modalities, nor were there any alleged medical bill totals.

8. The Plaintiff also alleged she "has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity" without identifying any specific amount *Id.* at ¶¶ 15, 22, 29.

9. The Complaint pled no monetary value for alleged damages, instead demanding only, "judgement…in excess of Fifty Thousand ($50,000.00)…" *Id.* at *ad damnum* clauses.

10. As discussed below, these types of boilerplate and generic allegations are insufficient to satisfy the Third Circuit's bright line test as to Walmart reasonably being placed on notice within the four corners of the complaint that amount in controversy exceeds $75,000. *McLaren v. UPS Store Inc.*, 32 F.4th 232, 238 – 239 (3d Cir. 2022).

11. However, on May 21, 2026, after the lawsuit had already been filed, undersigned counsel received email correspondence wherein Counsel for Plaintiff made a demand of $300,000.00. *See* Email Correspondence, dated May 21, 2026, attached hereto as Exhibit "D."

12.    Because the pleadings themselves did not adequately specify the amount in controversy, this email constituted "other paper" that with the Complaint, demonstrates that the amount in controversy exceeds the jurisdictional threshold of $75,000.00.

13.    Removal to this Court from the Philadelphia County Court of Common Pleas is proper because the State Court wherein this action was originally filed is embraced within this jurisdictional district. 28 U.S.C. §1441(a).

14.    As set forth below, removal to this Court from the Philadelphia County Court of Common Pleas is proper under 28 U.S.C. §§1441(a) and (b), which authorizes the removal of any civil action of which the District Court of the United States has original jurisdiction and if "none of the parties in interest properly joined and served as a defendant is a citizen of the state in which such action is brought."

15.    Furthermore, this Court has original jurisdiction under 28 U.S.C. §1332 because the parties are citizens of different states, and the matter in controversy exceeds $75,000 as explained below.

16.    Lastly, this Notice of Removal is timely filed within thirty (30) days of receipt of Plaintiff's written demand, which constitutes "other paper" from which Walmart could first ascertain that the case is removable. *See* 28 U.S.C. § 1446(b)(3).

17.    "Other paper" is interpreted to include a "wide array of documents." *See Foreacre v. Wal-Mart Stores, Inc.*, No. 22-4231, 2023 U.S. Dist. LEXIS 10188, at *5 n.4, 7 (E.D. Pa. Jan. 20, 2023); *Miller v. Whole Foods Mkt., Inc.*, No. 22-cv-2495, 2022 U.S. Dist. LEXIS 206794, 2022 WL 16950265, at *9 n.2 (E.D. Pa. Nov. 15, 2022). Among the documents that can be considered other paper is a written demand, provided after service of the original Complaint, which shows that the amount in controversy exceeds $75,000.

3

## I.     The Parties Are Wholly Diverse From Each Other.

18.     A natural person is deemed to be a citizen of the state where he is domiciled. *Swinger v. Allegheny Energy*, 540 F.3d 179, 182 (3d Cir. 2008) (*citing Gilbert v. David*, 235 U.S. 561, 569 (1915).

19.     The Plaintiff is a resident and citizen of the Commonwealth of Pennsylvania. *See* Exhibits "A," "B" at Caption, ¶ 1.

20.     Defendant "Walmart" is a non-existent legal entity or fictitious business name whose location can be ignored for purposes of Federal diversity jurisdiction.

21.     "A federal court must base its jurisdiction only upon the citizenship of real and substantial parties with 'real interest in the litigation." *Watts v. Embassy Suites by Hilton Phila. Airport*, 2021 U.S. Dist. LEXIS 132672 *3 (E.D. Pa. 2021) (citing *Bumberger v. Ins. Co. of N. Am.*, 952 F.2d 764, 767 (3d Cir. 1991)).

22.     "The Court's jurisdictional analysis must not consider 'nominal' or 'formal' parties." *Id.* (citing *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 359 (3d Cir. 2013)).

23.     "A fictitious name does not create a separate legal entity and is merely 'descriptive of a corporation who does business under another name.'" *Id.* (citing *Gentry v. Sikorsky Aircraft Corporation*, 383 F. Supp. 3d 442, 453 (E.D. Pa. 2019) (internal citations omitted)).

24.     "Fictitiously named entities are nominal parties without a real interest in the outcome of litigation." Thus, "[w]hen considering whether there is diversity jurisdiction, the Court must evaluate the substantial party's citizenship and not the location of any fictitiously named entity." *Id.* at *3 – 4 (citing *Gentry*, 383 F. Supp. 3d at 453 – 54).

25.     Therefore, the fictitious name of "Walmart" can be ignored for diversity jurisdiction purposes.

26.     The fictitious entities or "John Does" named as Co-Defendants have no citizenship for diversity purposes. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded"); *see also Brooks v. Purcell*, 57 Fed. Appx. 47, 50 (3d Cir. 2002) ("there is no doubt that in determining whether there is complete diversity of citizenship we disregard the John Doe and Jane Doe defendants…").

27.     A corporation shall be deemed to be a citizen of the state in which it is incorporated and the state of its principal place of business. 28 U.S.C. § 1332(c)(1).

28.     Defendant Walmart, Inc. is a Delaware Corporation with a principal place of business in Bentonville, Arkansas. Thus, it is a citizen of the States of Delaware and Arkansas.

29.     Accordingly, the Parties are wholly diverse and the requirement of diversity of citizenship is satisfied. 28 U.S.C. §§1441(a) and (b).

**II.     The Amount In Controversy Exceeds the Jurisdictional Minimum of $75,000.**

30.     The Plaintiff alleged the following injuries: "disc herniations at C3-4 and C4-5, disc protrusion at C2-3, C5-6 and C6-7, disc herniation at L5-S1, disc protrusion at L3-4 and L4-5, disc bulging at L2-3, partial tear of the left ACL, partial tear of left medial meniscus, radiculopathy at C4-5 and C5-6," "great pain, anguish, sickness and agony," and undisclosed "emotional injuries." Exhibit "B" at ¶¶ 12, 13, 14, 19, 20, 21, 26, 27, 28.

31.     There were no allegations of surgical intervention or any other specific treatment modalities, nor were there any alleged medical bill totals.

32.     The Plaintiff also alleged she "has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity" without identifying any specific amount *Id.* at ¶¶ 15, 22, 29.

33.     However, consistent with Pennsylvania practice, Plaintiff does not specifically state the amount in controversy, instead demanding only, "judgement…in excess of Fifty Thousand ($50,000.00)…" *See* Exhibit "A," "B" at *ad damnum* clauses.

34.     The Third Circuit Court of Appeals issued a bright-line rule stating that the removal timelines in 28 U.S.C. § 1446(b) are "triggered based only on what a defendant can ascertain from the four corners of the plaintiff's complaint or other paper the defendant receives." *McLaren v. UPS Store Inc.*, 32 F.4th 232, 239 (3d Cir. 2022).

35.     In other words, the complaint or other paper received by the defendant must "inform the reader, to a substantial degree of specificity, [that] all the elements of federal jurisdiction are present." *Id.* at 238.

36.     Since *McLaren*, district courts in the Third Circuit have consistently found that boiler plate allegations of serious and permanent injuries, without more specificity, are insufficient to put a defendant on notice that the amount in controversy is met. *Baucom v. Torres Vidal*, No. 24-1818, 2024 U.S. Dist. LEXIS 225695, at 8 – 10 (E.D. Pa. Dec. 12, 2024) (rejecting boilerplate allegations of "severe and permanent injuries" as being sufficient to trigger removal); *Foreacre v. Wal-Mart Stores, Inc.*, No. 22-4231, 2023 U.S. Dist. LEXIS 10188, at 5 (E.D. Pa. Jan. 20, 2023) (collecting cases interpreting *McLaren* as mandating the use of the bright line approach under § 1446(b)); *Miller v. Whole Foods*, 2022 U.S. Dist. LEXIS 206794, at 8 – 9. *See also*, *Tarakciyan v. Walmart Supercenter-Secaucus*, No. 23-cv-01179, 2023 U.S. Dist. LEXIS 159370, (D.N.J. Aug. 17, 2023).

37.     In the case at bar, it was only upon receipt of Plaintiff's post-lawsuit May 21, 2026 written demand of $300,000.00 that Walmart was informed that the amount in controversy exceeded the jurisdictional threshold of $75,000.00. *McLaren*, 32 F.4th at 238, 239.

6

38.     Because the pleadings themselves did not adequately specify the amount in controversy, this email constituted "other paper" that with the Complaint, demonstrates that the amount in controversy exceeds the jurisdictional threshold of $75,000.00.

39.     Accordingly, the requirements of 28 U.S.C. §§ 1441(a) and (b) and 1446(b) and (c) are satisfied and the within matter is properly removable.

**WHEREFORE**, Walmart respectfully requests that this State Action be removed from the Philadelphia County Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania.

<div style="margin-left:50%">

Respectfully submitted,
**MCDONNELL & ASSOCIATES, P.C.**

By:    */s/ Jesse A. Traugott*
Patrick J. McDonnell, Esquire
Attorney I.D. No. 62310
Email: pmcdonnell@mcda-law.com
Jesse A. Traugott, Esquire
Attorney I.D. No. 314142
Email: jtraugott@mcda-law.com
Metropolitan Business Center
860 1st Avenue, Suite 5B
King of Prussia, PA 19406
(T) 610-337-2087 (F) 610-337-2575
*Attorneys for Walmart*

</div>

Dated: May 27, 2026